### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BECKHAM COUNTY RURAL WATER DISTRICT NO. 3, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-05-1485-F ) |
| CITY OF ELK CITY and ELK CITY PUBLIC WORKS AUTHORITY, | ) ) ) |
| Defendants. | ) |

### ORDER

"Defendants' Motion to Dismiss or Stay the Proceedings on the Basis of Abstention," filed February 15, 2006, is before the court. (Doc. no. 15.) Plaintiffs have responded by objecting to the motion, and the motion is ready for determination.

To provide context for the ruling stated in this Order, it is necessary to briefly describe the dispute presented by this action and by the companion case of CIV-06-0035-F. This description is not intended as a formal statement of the issues and does not include any fact-findings.

Plaintiff in this action is the Beckham County Rural Water District No. 3, a rural water district in the State of Oklahoma (the water district). Defendants are the City of Elk City and the Elk City Public Works authority (the city entities.) Plaintiff water district alleges that it has a federal right under 7 U.S.C. § 1296(b) to be protected from any curtailment or limitation of its rights to sell water within the Beckham-3 Territory and that the actions of the city entities have deprived the water district of its rights in violation of 42 U.S.C. § 1983. The plaintiff water district seeks

damages, a declaratory judgment, an injunction, and a constructive trust, all against the city entities.

The companion case to this action is <u>City of Elk City and Elk City Public Works Authority v. Beckham County Rural Water District No. 3</u>, CIV-06-0035-F. In that case, the city entities allege that the Oklahoma statute which the water district relied upon as providing authority for the water district to enter into contractual loan obligations with the U.S. Department of Agriculture is unconstitutional under the Oklahoma Constitution. Previously, there were two motions pending in the companion case: the city entities' motion to remand and the city entities' alternative motion to certify state law questions to the Oklahoma Supreme Court. This court has now denied both motions. (Order at doc. no. 14 in CIV-06-0035-F.)

All of the city entities' arguments in support of their motion to dismiss or stay this action are based upon the presumption that this court will either remand the companion case to state court or will certify state law issues to the Oklahoma Supreme Court. As the court has now declined to do either, there is no longer any basis for the city entities' arguments in support of their motion.

Accordingly, after careful consideration of the parties' submissions, the pleadings, and the relevant authorities, "Defendants' Motion to Dismiss or Stay the Proceedings on the Basis of Abstention" is **DENIED**.

Dated this 14th day of March, 2006.

                                    _____
                                    STEPHEN P. FRIOT
                                    UNITED STATES DISTRICT JUDGE

05-1485p002(pub).wpd