**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

BECKHAM COUNTY RURAL          )
WATER DISTRICT NO. 3,          )
                               )
      Plaintiff,          )
                               )
vs.                            )  Case No.  CIV-05-1485-F
                               )
CITY OF ELK CITY, et al.,      )
                               )
      Defendants.         )

## ORDER

Three motions are before the court:  defendants' "Motion to Reconsider Dismissal," filed March 20, 2007 (doc. no. 56); defendants' "Motion for Leave to Amend," filed March 20, 2007 (doc. no. 57); and "Plaintiff's Motion to Dismiss Defendants' Constitutional and Graduation Defenses," filed April 6, 2007 (doc. no. 61).  Responses have been filed by all of the original parties, replies have been filed by the movants, and the motions are ready to be determined.[1]

### I.  The City's Motion to Reconsider

The city's motion asks the court to reconsider its order of March 6, 2007 (doc. no. 55).  Among other rulings, that order granted the USDA's motion to dismiss the city's counterclaims because the court determined that the city did not have prudential

---

[1]As prior orders have done, this order refers to the plaintiff, the Beckham County Rural Water District No. 3, as "the water district" or "the district"; to the United States Department of Agriculture as "the USDA"; and, for convenience only, to the two defendants, the City of Elk City and the Elk City Public Works Authority, as "the city."

standing[2] to allege those claims.[3]  It is only the court's ruling on this one issue which the city asks the court to reconsider.  The city argues that the court interpreted the city's arguments regarding prudential standing too narrowly.  Specifically, the city argues that the March 6 order considers the question of whether the city comes within the zone of interests protected by 7 U.S.C. § 1926(b), rather than the broader question of whether the city comes within the overarching zone of interests protected by 7 U.S.C. § 1926 as a whole.[4]  The city contends that because it comes within the zone

_____

[2]Only one of the three requirements for prudential standing is in issue in this action.  That is the requirement that the claim arguably fall within the zone of interests protected by the statutory provision invoked.  A plaintiff must also establish that he asserts his own rights rather than those belonging to third parties, and that his claim is not a generalized grievance. Bd. of County Comm.of Sweetwater County v. Geringer, 297 F.3d 1108, 1112 (10th Cir. 2002) (citation omitted).  The parties have not disputed the existence of these other two requirements, and the court's determination that the zone of interest condition is not met makes it unnecessary to consider them.

[3]As described by the city, its counterclaims proceed under one of two theories:  that the water district was ineligible to receive federal funding and cannot therefore assert § 1926(b) protection, or that the district cannot continue to assert section 1926(b) protection because the district is capable of retiring or refinancing its federal loans.  (Motion to reconsider, doc. no. 56, p. 7.)  In its March 6 order, the court referred to these sets of counterclaims as the "contract is void counterclaims" and the "graduation counterclaims." Based on these counterclaims, the city alleges that it is entitled to four types of relief:  declaratory relief (including declarations that the loans are void and that the district should retire or refinance the loans); injunctive relief (preventing the district from assertion of exclusive rights violative of state constitutional law and requiring the district to either retire or refinance the federal indebtedness); quo warranto relief (including dissolution of the district); and appointment of a receiver to manage the operation of the district.

[4]The city sometimes states that its interests are consistent with the entire Consolidated Farmers Home Administration Act of 1961, CONACT, 7 U.S.C. §§ 1921 et seq.  To the extent that the city cites any parts of the Act other than § 1926, or any regulations promulgated under the Act, the court has carefully considered the relationship between these provisions and the city's interests. The city makes clear, however, that its central argument depends upon the relationship between its interests and the interests protected by § 1926.  For example, the city states that "[t]he statute 'placed in question' by the Defendants by their counterclaim was 7 U.S.C. § 1926, as a whole."  (Motion, doc. no. 56, p. 5).

of interests protected by §1926 as a whole, it has prudential standing to allege its counterclaims.[5]

The city states that the March 6, 2007 order describes the city's arguments too narrowly. To some extent, the city is correct. For example, the order states that "[t]he city argues that its counterclaims come within the zone of interests protected by 7 U.S.C. § 1926(b)." (Doc. no. 55, p. 15.) This statement is too narrow because, despite the fact that the city's original briefing on the USDA's motion to dismiss never used the phrase "§1926 as a whole," the court understood at the time it entered the March 6 order that the city contended it had prudential standing to allege its counterclaims based on the zone of interests protected by § 1926 as a whole.

Despite the narrow characterization of the city's arguments in the March 6 order, upon careful reconsideration of all of the city's arguments, the court continues to conclude that its March order is correct insofar as it implicitly rejects the city's contention that the city has prudential standing under § 1926 as a whole, properly focuses the discussion on the zone of interests protected by §1926(b), and concludes that the city lacks prudential standing to allege its counterclaims. The reasons for this conclusion are stated below (not necessarily in the order of their importance, but in a sequence which seems most responsive to the motion).

—Regardless of the manner in which the city's original briefing on the USDA's motion to dismiss attempted to shape the prudential standing issue, the material allegations in the city's counterclaims constantly refer to § 1926(b). The material allegations do not refer to "§ 1926 as a whole," nor do the material allegations cite any specific portions of § 1926 other than § 1926(b). Thus, for purposes of

_____

[5]When this order refers to the zone of interests protected by a statute, it means the zone of interests protected or regulated by the statute or act, or by any regulations promulgated under the statute or act.

determining prudential standing, § 1926(b) is "the statutory provision...invoked in the suit." *See*, Bd. of County Comm. of Sweetwater County v. Geringer, 297 F.3d 1108, 1112 (10th Cir. 2002) (party asserting standing must show his grievance arguably falls within zone of interests protected or regulated by the statutory provision invoked in the suit).

—With respect to the city's "contract is void counterclaims," although the city's motion to reconsider refers to "multiple grounds" for challenging the district's eligibility to receive the loans, each of those grounds actually rests on the city's contention that it is the protection provided by §1926(b) which violates the Oklahoma Constitution and makes the district ineligible for the loans. (*See*, *e.g.*, motion, doc. no. 56, p. 7, n.3).[6]

---

[6]For example, in the cited footnote, the city states as follows.

> The Defendants argued that the District was ineligible to receive federal financing on multiple grounds, including (a) the District lacked state-law authority to enter into the loan agreements, (b) the District failed to comply with state law, a contractual condition precedent upon which the loan agreements were based by virtue of the fact that the CONACT is Spending Clause legislation, (c) the District misrepresented its authority to enter into the loan agreements, (d) and the District exceeded its authority under Oklahoma law.

The city also argues that the "financially needy" eligibility requirement embodied in 7 C.F.R. § 1780.2 was not met. The counterclaims do not allege that any "financially needy" eligibility requirements were not met. In any event, the water district argues that any claim or potential amended claim that the district did not meet the "financially needy" requirement at the time the loans were made, would be barred by limitations (except with respect to the 2002 loan). The city's reply brief does not dispute the district's limitations argument.

—As the city describes its "graduation counterclaims," those claims allege that the district cannot continue to assert § 1926(b) protection because the district is capable of retiring or refinancing its federal loans. (Motion to amend, doc. no. 57, p. 10, citing city's Answer and Counterclaim, doc. no. 21, pp. 25-27.)

—Thus, it is clear that § 1926(b) lies at the crux of the city's counterclaims, making any inconsistency between the city's interests and the zone of interests protected by §1926(b) especially material to a determination of the city's prudential standing to allege its counterclaims.

—Furthermore, the city's argument that the court improperly focused on §1926(b) is incorrect because the zone of interests protected by § 1926 as a whole is necessarily derived from the zone of interests protected by the sub-parts of that statute. In other words, if, as the court determined the March 6 order, the city's interest is inconsistent with the zone of interests protected by §1926(b), then the city's interest is also inconsistent with the zone of interests protected by §1926 as a whole because the purposes of § 1926 necessarily include the purposes of § 1926(b).

—The March 6 order also correctly focuses on §1926(b) because it is the zone of interests protected by that particular sub-part of the statute which is the most problematic for the city's prudential standing argument.

—Although the city argues that "the policy furthered by 7 U.S.C. § 1926 is a policy in favor of competition, as it allows for federal financing and monopoly protection only [as] a means of last resort and only if numerous prerequisites are satisfied," this argument is fallacious. (Motion, doc. no. 56, p. 6.) The city apparently reasons that because the loans are protected by the anti-competitive exclusivity provision found in § 1926(b), limitations on the availability of the loans and loan graduation requirements must indicate an implicit congressional purpose to limit the operation of the exclusivity provision, *i.e.*, a purpose that favors competition. The

city's reasoning is flawed, however, because limits put in place by one part of a statute are not necessarily for the purpose of limiting protections put in place by another part of the statute.

—In support of its view that § 1926 furthers "a policy in favor of competition," the city cites 7 C.F.R. §1780.2 and S. Rep. No. 566 (1961), reprinted in 1961 U.S.C.C.A.N. 2243 at 2306-06. (Motion, doc. no. 56, p. 6.)  These sources, however, do not suggest any statutory or regulatory intention to favor competition with the water districts for water sales.  Title 7 C.F.R. § 1780.2 merely states that the purpose of the loans is to serve the most financially needy communities.

—Moreover, the Senate Report cited by the city (at 2309), states:  "[a] new provision has been added <u>to assist in protecting the territory served by such an association facility against competitive facilities</u>, which might otherwise be developed with the expansion of the boundaries of municipal and other public bodies into an area served by the rural system."  (Emphasis added.)  Thus, far from supporting a pro-competition policy, the report indicates a protectionist, anti-competition policy.

—Most importantly, the court's rejection of the city's position that § 1926 favors competition with the water district, is based on the fact that the city's interests as a competitor to the water district are interests which are flatly inconsistent with interests *expressly* protected by the Act in §1926(b).

—The Honorable Judge David L. Russell reached the same conclusion with respect to prudential standing in a very similar case, <u>Rural Water, Sewer and Solid Waste Management District No. 1, Logan County, Oklahoma, plaintiff v. City of Guthrie, defendant</u>, CIV-05-0786-R, doc. no. 140, pp. 13-15 (city did not have prudential standing because not within the zone of interests created by §1926(b) where city's interests as a competitor to the water district were more likely to frustrate than to further statutory objectives).

—With the court's March 6 determination that the city's interests are inconsistent with §1926(b) reconfirmed, the city's argument that it nevertheless has prudential standing would require the court to find that because the city's interests in enforcing the loans' eligibility requirements are arguably "consistent with those of Congress when it enacted the Consolidated Farmers Home Administration Act of 1961, ('CONACT')," (motion, p. 5), this consistency somehow trumps the inconsistency between the city's interests and the zone of interests created by § 1926(b).  Assuming for purposes of argument that this result might be possible in some hypothetical situation, it would not be the result here, where the only eligibility requirement which the city's "contract is void counterclaims" actually puts in issue is the district's eligibility in light of §1926(b), the very section of the statute with which the city's interests are expressly inconsistent.

In short, having carefully considered the parties' submissions, the record, and the relevant legal authorities, the city's motion to reconsider is **GRANTED** in part and **DENIED** in part.  The motion is **GRANTED** to the limited extent that the court clarifies that in reaching its determinations stated in the March 6, 2007 order, the court considered and rejected the city's argument that the city had prudential standing to allege its counterclaims based on the zone of interests protected by § 1926 as a whole. Having reconsidered the prudential standing issue, the court continues to conclude that the city does not have prudential standing to allege its counterclaims in this action. To the extent that the motion seeks a different result on the prudential standing issue, the motion is **DENIED**.

## II.  The City's Motion to Amend

The city's motion to amend seeks to substitute new counterclaims which more clearly allege that the city has prudential standing based on the zone of interests protected by 7 U.S.C. §1926, §1926(a), §1983; and 7 C.F.R. §1780.15(b), §1780.7(d).

As additional grounds for leave to amend, the city cites 28 U.S.C. §1653 and argues that amendments to cure jurisdictional defects may be allowed at any stage.

Leave to amend should be freely granted as justice requires. Rule 15(a), Fed. R. Civ. P. Futile amendments, however, need not be allowed. Foman v. Davis, 371 U.S. 178, 182 (1962).

As determined on March 6 and again in this order, the city's interests are either so marginally related to or inconsistent with the purposes implicit in the relevant statutes that it cannot reasonably be assumed that Congress intended to permit the city to litigate these counterclaims. Based on this determination, the city's proposed amendment would be futile because no additional facts are alleged in the proposed amendment which, if proven, would cure any jurisdictional defects or support in any way the city's contention that its interest comes within the zone of interests protected by §1926, by CONACT, or by any regulations promulgated under the Act.

The proposed amendment is also inaccurate, referring, for example, to "the third-party plaintiffs" although there are no longer any third-party claims or parties denominated as such in this action). Finally, the proposed amendment is argumentative, alleging, for example, that "[t]here is no doubt but that the Third-Party Plaintiffs have established an injury in fact." (Proposed amendment, attached to doc. no. 57, Ex. "A," ¶ 3.) The proposed amendment is not a short and plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8(a), Fed. R. Civ. P.

For these reasons, after careful consideration of the parties' submissions, the record, and the relevant legal authorities, the city's motion to amend is **DENIED**.

### III.  The Water District's Motion to Dismiss
### Defendants' Constitutional and Graduation Defenses[7]

Arguing that affirmative relief requires the USDA to be a party, the water district has moved to dismiss the city's defenses to the water district's claims to the extent that those defenses seek affirmative relief, such as a declaration that the loans are void.  In response, the city argues that an affirmative defense is, by definition, only defensive in nature and does not allow for recovery or any other type of affirmative relief.  The city states that the assertion of defenses, affirmative or otherwise, which may turn upon and even require adjudication of the actions or rights of non-parties such as the USDA, does not require joinder of these parties.  The city states that its affirmative defenses do not allege that the water district's loan agreements are void, but merely seek to limit the district's ability to assert § 1926(b) protection in support of its claims against the city.  (City's response brief, doc. no. 65, p. 9.)

Whether based on a simple denial that the water district can prove the elements necessary to a recovery on its claims, or whether based on affirmative defenses as to which the city has the burden of proof, neither a general defense nor an affirmative defense provides a basis for affirmative relief.  *See*, Resolution Trust Corp. v. Love, 36 F.3d 972, 977-78 (10th Cir. 1994) (discussion of affirmative defenses as a defensive response and not the basis for  independent relief; affirmative defenses are not claims or actions but are responses to claims or actions).  Thus, if the city's defenses are ultimately proven, they will not be the basis of any affirmative relief, they will merely be reasons recovery is denied to the water district on its claims against the city.

---

[7]The motion asks the court to dismiss the "graduation defenses" but there are no graduation defenses.  The only allegations that seek graduation of the loans are in the counterclaims.

With this understanding of the city's defenses in mind, it appears that the city's motion to strike defenses seeking affirmative relief is moot for lack of an actual dispute.  In any event, the court states here that the city is entitled to put the water district to its proof of the elements of each of the district's claims.  To the extent that the district's claims require proof of the legality and enforceability of §1926(b), then issues which were previously raised by the now dismissed "contract is void counterclaims," for example, may remain in this lawsuit but for defensive purposes only, *i.e.* as a shield to the water district's claims of infringing water sales by the city.

For these reasons, after careful consideration of the parties' submissions, the record, and the legal authorities, the water district's motion to strike the city's defenses is **DENIED**.

## IV.  Rule 19(b) Factors

One additional matter remains to be addressed.  In the city's response to the water district's motion to dismiss defendants' constitutional and graduation defenses, the city states that the record is unclear as to whether this court has determined that the USDA is an indispensable party under Rule 19(b), Fed. R. Civ. P.[8]  The court takes this opportunity to more explicitly address the Rule 19(b) factors as they apply to the city's now dismissed counterclaims against the USDA.

The first Rule 19(b) factor requires the court to consider the "extent [to which] a judgment rendered in the [party's] absence might be prejudicial to the [party] or

---

[8]In its  April 21, 2006 order (doc. no. 22), the court found that the USDA is a necessary party under Rule 19(a) and allowed the USDA to be conditionally joined.  In its March 6, 2007 order, the court discussed the principles of indispensability as they apply to the United States. (Doc. no. 55, p. 21, quoting Wright, Miller & Kane).  Expressly adopting the water district's reasons (as stated in the district's response brief, doc. no. 21, at pp. 11-14, offered in support of the proposition that the USDA was both necessary and indispensable to the city's counterclaims), the court dismissed the counterclaims *en toto*, stating that if the city could not bring its counterclaims against the USDA it also could not bring them against the district.  (Doc. no. 55, pp. 21-22.)

those already parties." Were the court to allow the counterclaims to go forward without the USDA, and were the city to prevail on its counterclaims, the court would ostensibly declare the USDA's loans void, require graduation of the loans, provide quo warranto relief, and appoint a receiver -- all without the USDA's presence in the lawsuit. Although a party to the loans, the USDA would not be bound by these ostensible rulings and this far-reaching affirmative relief; indeed, most of the relief sought would simply be impossible to provide without the USDA. Furthermore, even if just some part of the relief were awarded, such as a declaration that the loans were void, the water district would be prejudiced because it would remain subject to suit on the loans by the USDA to enforce the water district's obligations under the loans. The USDA would also be prejudiced by the rulings between the city and the water district, because a general declaration that the exclusivity provision is not enforceable would weaken the USDA's security for the loans. Thus, the first Rule 19(b) factor weighs heavily in favor of a determination that the USDA is indispensable to the city's counterclaims.

The second factor is the extent to which protective provisions can be put in place in the judgment to lessen or avoid any prejudice. As already stated, it would be impossible to provide much of the relief requested in the counterclaims and still protect the interests of the water district and the interests of the USDA. Thus, the second factor also weighs in favor of a determination that the USDA is indispensable.

The third factor is whether, without the USDA's presence, a judgment will be adequate. A judgment in the city's favor on its counterclaims without the USDA present in this action would not be adequate because the USDA would not be bound, for example, by declarations that the loan is void. The court would be unable to provide the city with quo warranto relief, or to appoint a receiver as the counterclaims ask, without the USDA as a party.

The fourth factor is whether the city will have an adequate remedy if the counterclaims are dismissed.  Even without the affirmative relief sought in the counterclaims, the city will most likely be able to litigate at least some of the legal issues raised by its now dismissed counterclaims, specifically, issues concerning the legality and enforceability of the loans in light of the exclusivity provision §1926(b) to the extent those issues may provide defenses to the water district's claims.

These Rule 19(b) findings are essentially the same findings that the court made in its March 6, 2007 order, when the court adopted the water district's analysis concerning the issue of whether the USDA was a necessary and indispensable party to the city's counterclaims.  Restated briefly here, those reasons are as follows. 1).  Absent the USDA's presence in ths lawsuit, were the city to be successful in having the federal loans declared void, complete relief could not be granted because that declaration would not be binding upon the USDA, a party to the loans. 2).  Failure to join the USDA would, as a practical matter, impair the USDA's ability to protect its interest because a declaration that the loans were void would remove the USDA's claim under the notes and mortgages.  3).  The absence of the USDA would leave the water district subject to substantial risks of inconsistent obligations because, if the loans are void, then the water district would have no obligation to pay the loan to the USDA, but the USDA, as a non-party, would not be precluded from bringing an action against the water district to collect on the note and foreclose the mortgage.

Finally, the city also argues that if the USDA is found to be an indispensable party with respect to the city's counterclaims, then the proper remedy under Rule 19(b) is dismissal of the water district's action.  The court disagrees.  In the instant circumstances, including the type of far-ranging relief sought in the counterclaims, the court has no trouble interpreting Rule 19(b)'s requirement for dismissal of the action as a requirement for dismissal of the city's counterclaims.

-13-

For these reasons and the reasons stated in the court's prior orders, the court continues to find and conclude that the USDA is a necessary and indispensable party with respect to the city's counterclaims.

Dated this 14th day of June, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-01485p020(pub).wpd